**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 109200

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LISA R DAVIDSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>J.C. CHRISTENSEN & ASSOCIATES, INC.,<br><br>Defendant. | Docket No:<br><br>**COMPLAINT—CLASS ACTION**<br><br>JURY TRIAL DEMANDED |

LISA R DAVIDSON, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against J.C. CHRISTENSEN & ASSOCIATES, INC. (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA") and New York General Business Law ("NYGBL") § 349.

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff is an individual who is a citizen of the State of New York.

6. Plaintiff, a "consumer" as defined by 15 U.S.C. § 1692a(3), is allegedly obligated to pay a debt.

7. On information and belief, Defendant's principal place of business is located in Sartell, Minnesota.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and is therefore a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Plaintiff's alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

11. Sometime after the incurrence of the debt, but before the initiation of this action, Plaintiff is alleged to have fallen behind on payments allegedly owed on the alleged debt.

12. At a time known only to Defendant, Plaintiff's alleged debt was assigned or otherwise transferred to Defendant for collection.

13. In its efforts to collect the alleged debt, Defendant contacted Plaintiff by written correspondence. ("Exhibit 1.")

14. Defendant's written correspondence to Plaintiff is a "communication" as defined by 15 U.S.C. § 1692a(2).

15. As set forth in the following Counts, Defendant's communication violated the FDCPA and NYGBL.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

## FIRST COUNT
## Violation of 15 U.S.C. § 1692f
## Unlawful Fee

16. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

17. 15 U.S.C. § 1692f provides a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

18. §1692f(1) limits prohibits the collection of any amount, including any interest, fee, charge, or expense incidental to the debt, unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

19. Defendant's letter sets forth that Defendant charges a transaction fee for payments made.

20. Defendant's letter states, "Most payment options are free with no transaction charges."

21. Any such transaction fees are neither expressly authorized by the agreement creating the debt, nor permitted by law.

22. Defendant has violated § 1692f by attempting to charge a transaction fee.

23. Defendant has violated § 1692f by charging a transaction fee.

## SECOND COUNT
## Violation of 15 U.S.C. § 1692e
## False or Misleading Representations

24. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

25. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

26. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

27. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

28. § 1692e(2)(B) prohibits the false representation of any services rendered or compensation that may be lawfully received by any debt collector for the collection of a debt.

29. Defendant violated § 1692e by making a false representation that it is entitled to receive compensation for payment via a transaction fee.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

30. The least sophisticated consumer would likely be deceived by the transaction fee language into believing that Defendant was legally entitled to collect the fee.

31. Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

### THIRD COUNT
### Violation of 15 U.S.C. § 1692g
### Validation of Debts

32. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

33. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

34. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

35. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

36. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

37. A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated consumer" uncertain or confused as to her rights.

38. Here, Defendant statement that, "Most payment options are free with no transaction charges" would likely make the least sophisticated consumer uncertain as to whether Defendant would charge Plaintiff a transaction fee.

39. Here, Defendant statement that, "Most payment options are free with no transaction charges" would likely make the least sophisticated consumer confused as to whether Defendant would charge Plaintiff a transaction fee.

40. Defendant's conduct would likely make the least sophisticated consumer uncertain as to her rights.

41. Defendant's conduct would likely make the least sophisticated consumer confused

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

as to her rights.

42. Defendant has violated § 1692g as the above-referenced language overshadows the information required to be provided by that Section.

### FOURTH COUNT
### Violation of 15 U.S.C. § 1692g
### Validation of Debts

43. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

44. 15 U.S.C. § 1692g requires the written notice to contain the amount of the debt.

45. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

46. Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

47. Here, Defendant statement that, "Most payment options are free with no transaction charges" would likely make the least sophisticated consumer uncertain as to the amount of the debt.

48. Here, Defendant statement that, "Most payment options are free with no transaction charges" would likely make the least sophisticated consumer confused as to the amount of the debt.

49. Defendant has violated § 1692g as it failed to clearly and explicitly convey the amount of the debt.

### FIFTH COUNT
### Violation of New York General Business Law §349 as to Unlawful Fee

50. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

51. Defendant owed a duty to Plaintiff to effect its collection of Plaintiff's alleged debt with reasonable care.

52. Defendant's improper attempt to collect a transaction fee shows a lack of exercise of reasonable care in Defendant's collection of the alleged debt.

53. Defendant breached its duty to collect Plaintiff's alleged debt with reasonable care.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

54. Defendant's conduct was committed by Defendant in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NY GBL § 349(a).

55. Defendant's conduct was consumer-orientated in that the transaction fee was charged in an effort to collect an alleged consumer debt.

56. Defendant's conduct has a broader impact on consumers at large as, upon information and belief, Defendant has wrongfully sought to collect the transaction fee from hundreds of consumers.

57. Defendant's conduct has a broader impact on consumers at large as, upon information and belief, Defendant has wrongfully collected the transaction fee from hundreds of consumers.

58. Plaintiff is a reasonable consumer.

59. Defendant's conduct would mislead a reasonable consumer.

60. Defendant engaged in a material deceptive act or practice as described herein.

61. Defendant's conduct caused plaintiff to suffer injury.

62. Defendant violated NY GBL § 349(a) and is liable to Plaintiff pursuant to NY GBL § 349(h).

### SIXTH COUNT
### Violation of 15 U.S.C. § 1692f

63. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

64. 15 U.S.C. § 1692f provides a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

65. 15 U.S.C. § 1692f(8) limits the language and symbols that a debt collector may place on envelopes it sends to consumers.

66. 15 U.S.C. § 1692f(8) prohibits a debt collector from using any language or symbols on the envelope, other than the debt collector's address, when communicating with a consumer by mail, except that a debt collector may place its business name on the envelope if such name does not indicate that the debt collector is in the debt collection business.

67. 15 U.S.C. § 1692f(8)'s prohibition applies to language and symbols both on the envelope, and language and symbols visible through any glassine window of the envelope. *See,*

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

6

*Douglass v. Convergent Outsourcing*, 765 F.3d 299 (3rd Cir 2014).

68. Defendant used language other than Defendant's address and business name, on the envelope it sent to Plaintiff.

69. Defendant has violated § 1692f by using language other than Defendant's address and business name, on the envelope it sent to Plaintiff.

## CLASS ALLEGATIONS

70. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to collect a delinquent consumer debt using the same form collection letter used concerning Plaintiff, from one year before the date of this Complaint to the present. This action seeks a finding that Defendant's form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA and NYGBL § 349.

71. Defendant regularly engages in debt collection, using the same form collection letter they sent Plaintiff, in their attempts to collect delinquent consumer debts from other persons.

72. The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts by sending other consumers the same form collection letter it sent to Plaintiff.

73. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

74. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

75. Plaintiff will fairly and adequately protect and represent the interests of the

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under the FDCPA.

## JURY DEMAND

76. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a. Certify this action as a class action; and

b. Appoint Plaintiff as Class Representative of the Class, and his attorneys as Class Counsel; and

c. Find that Defendant's form collection letter and conduct violates the FDCPA; and

d. Grant statutory damages against Defendant pursuant to 15 U.S.C. § 1692k; and

e. Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f. Grant damages pursuant to NYGBL §349; and

g. Grant Plaintiff's costs; together with

h. Such other relief that the Court determines is just and proper.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

DATED: June 17, 2015

                                    **BARSHAY SANDERS, PLLC**

                                    By: _/s/ Craig B. Sanders_____
                                    BARSHAY SANDERS, PLLC
                                    100 Garden City Plaza, Suite 500
                                    Garden City, New York 11530
                                    Tel: (516) 203-7600
                                    Fax: (516) 706-5055
                                    csanders@barshaysanders.com
                                    *Attorneys for Plaintiff*
                                    Our File No.: 109200